5/28/2019 12:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33896171
By: Miaeda Hutchinson
Filed: 5/28/2019 12:51 PM

## 2019-36311 / Court: 113

### CAUSE NO. _____

| | | |
|---|---|---|
| **MOHAMED TORK,** | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PROGRESSIVE COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY AND** | § | **HARRIS COUNTY, TEXAS** |
| **UNITED FINANCIAL CASUALTY** | § | |
| **COMPANY,** | § | |
| **Defendants** | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION; REQUEST FOR DISCLOSURE; INTERROGATORIES; REQUEST FOR PRODUCTION AND REQUESTS FOR ADMISSION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **MOHAMED TORK**, Plaintiff, complaining of **PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY AND UNITED FINANCIAL CASUALTY COMPANY**, Defendants, and files this Original Petition, Request for Disclosure, Interrogatories, Request for Production, and Requests for Admission and for cause of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

1.1     Plaintiff intends to conduct discovery in this matter under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.1. Plaintiff, MOHAMED TORK, resides and is domiciled in Harris County, Texas.

2.2. Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY is an insurance company in good standing with the Texas Department of Insurance, which writes policies of auto insurance in the State of Texas. Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY may be served with process by serving its registered agent CT CORPORATION

**EXHIBIT "A"**

SYSTEM, at **1999 Bryan St, Suite 900, Dallas, Texas 75201. A citation is requested at this time.**

2.3. Defendant UNITED FINANCIAL CASUALTY COMPANY is an insurance company in good standing with the Texas Department of Insurance, which writes policies of auto insurance in the State of Texas. Defendant UNITED FINANCIAL CASUALTY COMPANY may be served with process by serving its registered agent CT CORPORATION SYSTEM, at **1999 Bryan St, Suite 900, Dallas, Texas 75201. A citation is requested at this time.**

## III. VENUE

3.1  Venue is proper and maintainable in Harris County, Texas, under the Texas Civil Practice and Remedies Code as the incident made the basis of this suit occurred on a roadway in Harris County, Texas, and the Defendant resides in Harris County, Texas

## IV. FACTS

4.1  On or about July 24, 2017, Plaintiff, MOHAMED TORK, was severely injured while lawfully operating a motor vehicle in Harris County, Texas. At the time of the accident, Plaintiff was operating his vehicle traveling south bound on Hayes St. At the same time, an unidentified driver, was traveling south bound behind Plaintiff's vehicle. The accident occurred when the unidentified driver, failed to control his/her speed and rear-ended Plaintiff while he was making a right turn into a neighborhood.

4.2  At the time of the accident, Plaintiff was within the scope and course of his employment with UBER USA, LLC insured by Defendant, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and/or UNITED FINANCIAL CASUALTY COMPANY.

4.3  As a direct result of the incident made the basis of this suit, Plaintiff suffered severe injuries.

4.4 At the time of the collision, at-fault driver had insufficient liability insurance coverage to cover Plaintiff's damages.

4.5 The insurance coverage under PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY insurance policy provides coverage for underinsured/uninsured motorist coverage.

4.6 On or about July 31, 2017, Defendant was given notice and proof of loss of Plaintiff's claim for damages under the provisions of the policy. After the aforesaid date, Plaintiff made a demand for the policy limits. On information and belief, the policy has limits of $1,000,000.00 per person per accident. Plaintiff made his demand on TRACEY TELLIARD, who is the insurance adjuster assigned to the claim for Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY, to tender the policy limits before suit was filed, but she has failed to make a good faith offer.

4.7 Plaintiff has fully complied with all the terms of the insurance policy as a condition precedent to bringing this suit. In this connection, Plaintiff began providing Defendant information pertaining to the incident immediately after its occurrence. Additionally, Plaintiff provided Defendants with an itemization of all medical specials, lost wages information, the police report, and other pertinent data relevant to Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY, providing detailed documentation and analysis sufficient to allow Defendants to evaluate the merits of Plaintiff's claim. Notwithstanding the foregoing, Defendant PROGRESIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY has wholly failed to compensate Plaintiff for damages sustained in accordance with the uninsured insurance covered as provided by Defendants.

4.8 As a direct result of the incident, Plaintiff has sustained personal injuries and damages that are in excess of the policy limits available in accordance with the underinsured motorist provisions of

his policy.

4.9  Despite having received notice and proof of loss of Plaintiff's claim, Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY has failed and refused to make a good faith offer of settlement to resolve Plaintiff's claim. Defendant has had more than sixty days to evaluate Plaintiff's claim and make a good faith offer of settlement.

4.10  Pursuant to Section 21.21 of the Texas Insurance Code, the insurance company has a duty to make a written reply to claims within sixty days of the demand. Article 21.55 of the Texas Insurance Code penalizes insurance companies that delay payment of benefits under insurance policies for failure to comply with the prompt payment requirements of the article and may be held liable to pay the amount of the claim, plus damages consisting of 18 percent per annum of the amount of the claim and reasonable attorney fees.

4.11  Plaintiff has complied with all conditions precedent prior to bringing this action against Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY.

## V. NEGLIGENCE

5.1  Plaintiff incorporates and re-alleges the allegations of Paragraphs 4.1 through 4.11 inclusive, as if fully set forth verbatim.

5.2  Plaintiff alleges that the unidentified driver was negligent generally and in one or more of the following ways at the time of the incident made the basis of Plaintiff's claim:

a.      In failing to maintain an assured safe distance;

b.      In failing to control the speed of his/her vehicle;

c.      In failing to observe posted speed limits and speeding in excess of the limits;

d.      In failing to timely apply the brakes to his/her vehicle;

e.      In failing to take proper evasive action;

f.      In operating his/her motor vehicle on a public road while intoxicated;

g.   In failing to keep a proper lookout;

h.   In failing to operate his/her vehicle in an attentive manner;

i.   By operating his/her vehicle in a reckless and unsafe manner in conscious disregard of the Plaintiff's safety and welfare; and

j.   Other violations of State and Federal traffic laws.

5.3 As a direct result of the impact made the basis of this suit, Plaintiff suffered severe injuries.

## VI. UNDERINSURED MOTORISTS CLAIM

6.1 Plaintiff incorporates and re-alleges the allegations of Paragraphs 1.1 through 5.3 inclusive, as if fully set forth verbatim

6.2 Since the unidentified driver's negligence was a proximate cause of the occurrence and he failed to maintain financial responsibility in a sufficient amount to pay all damages proximately caused by his negligence, Plaintiff made a claim with Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY for underinsured/uninsured motorists benefits that were available by and through his employer UBER USA, LLC at the time of the collision. The claim for uninsured motorist coverage was on insured entity, UBER USA, LLC claim number 17-5939428 and was assigned to claim adjuster TRACY TELLIARD by Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY.

6.3 Plaintiff sues Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY herein for all damages and policy benefits to which he is entitled as a result of being involved in a motor vehicle collision proximately caused by the negligence of the unidentified driver.

## VII. BREACH OF CONTRACT

7.1 Plaintiff incorporates and re-alleges the allegations of Paragraphs 1.1 through 6.3 inclusive, as fully set forth verbatim.

7.2 Plaintiff is a beneficiary under the provisions of the policy issued by PROGRESSIVE

COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY and is a covered person under the terms of the policy.

7.3 Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY breached the duties imposed under the terms of the policy in failing to pay and/or delaying payment of benefits when Defendant knew or should have known that it was reasonably clear that benefits were due under the policy. Pursuant to 542.058 Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY has breached the duty in delaying payment of good faith claims in excess of sixty days.

7.4 Pursuant to Section 542.058 of the Texas Insurance Code, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY has a duty to make a good faith offer of settlement within sixty days of the demand. Article 21.21-2 & 2(b)(4) defines an unfair practice as not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear. Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE and UNITED FINANCIAL CASUALTY COMPANY has breached the duty of good faith and fair dealing in failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim when the insurer's liability has become reasonably clear.

7.5 Under Article 542.060 of the Texas Insurance Code, in addition to the amount of the claim, Plaintiff is entitled to recover interest on the amount of the claim at the rate of 18 percent per annum, together with reasonable attorney fees.

## VIII. BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

8.1 Under Texas law, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY owes its insureds a duty of good faith and fair

dealing. *Universal Life Ins. Co. v. Giles*, 950 S.W. 48 (Tex. 1997). Due to the special relationship that exists between an insurance company and its insured, an insurance company is liable for breaching its duty of good faith and fair dealing owed to its insured when an insurance company fails to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim when insurer's liability is reasonably clear, as it is in this case. Further, Texas law is clear that an insurer who denies a claim based upon an expert's report when there is evidence, as there is in this case, that the report was not objectively prepared is in breach of its duty of good faith and fair dealing. *Lloyds v. Nicolau*, 951 S.W.2d 444 (Tex. 1997).

8.2 Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY further breached its duties of good faith and fair dealing by failing and refusing to comply with Texas laws concerning MOHAMED TORK'S claims. Specifically, the Texas Legislature enacted Chapter 542 of the Texas Insurance Code also known as the Unfair Claim Settlement Practices Act to prohibit insurance companies and their representatives from engaging in Unfair Claim Settlement Practices. The Act mandates that "No insurer doing business in this state under the authority, rules and regulations of this code shall engage in unfair claim settlement practices."

8.3 In violation of the Unfair Claim Settlement Practices Act, PROGRESSIVE COUNTY MUTUAL INSURANCE and UNITED FINANCIAL CASUALTY COMPANY and its agents, employees and representatives, including, but not limited to adjuster TRACEY TELLIARD, engaged in prohibited acts and practices including, but not limited to, the following:

 a. Knowingly misrepresenting to claimants' pertinent facts or policy provisions relating to coverage at issue;

 b. Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

 c. Failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policies;

d.    Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear;

e.    Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them; or

f.    Failure of any insurer to maintain information required by §542.005.

8.4 Thus, due to Defendants' breach of the duty of good faith and fair dealing and Defendants' failure and refusal to pay MOHAMED TORK'S claims, he has incurred actual damages, including:

a.  Loss of income;

b.  Medical expenses;

c.  Damage to his credit; and

d.  Additional interest due to the delay in payment of this claim;

8.5 In addition, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY and its adjuster TRACEY TELLIARD conduct were committed with malice. Further, because PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY has ratified and approved of the actions of its agents, employees and representatives including, but not limited to, adjuster TRACEY TELLIARD who maliciously and wrongfully denied and delayed Plaintiff's claims, Plaintiff is entitled to recover punitive damages.

## IX. DAMAGES

9.1 Plaintiff incorporates and re-alleges the allegations of Paragraphs 1.1 through 8.5 inclusive, as fully set forth verbatim.

9.2 As a result of the unidentified driver's conduct, Plaintiff was severely injured. Plaintiff therefore seeks to recover those damages provided by law, which include:

a. Physical pain and mental anguish in the past;

b. Physical pain and mental anguish in the future;

c. Physical impairment in the past;

d. Physical impairment in the future;

e. Medical expenses in the past;

f. Medical expenses in the future;

g. Actual damages in an amount in excess of the minimum jurisdiction limits of this Court for breach of contract;

h. All reasonable attorney fees, as more particularly described below;

i. Pre-judgment interest at the maximum rate allowed by law;

j. Post judgment interest at the maximum rate allowed by law; and

k. All costs of Court.

9.3 At the time of the incident described in Paragraphs 4.1 through 4.11 above, Plaintiff was protected against loss caused by bodily injury and property damage and resulting from the ownership, maintenance, or use of an uninsured or an under-insured motor vehicle, by a policy of insurance issued by Defendant.

9.4 Plaintiff has suffered damages from Defendants' wrongful conduct described herein. As discussed in this Petition, Plaintiff has suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. It will ultimately be the responsibility and province of a fact finder of Plaintiff's peers, to decide the economic value of the damages Plaintiff suffered as a result of Defendants' wrongful actions and omissions which form the basis of this lawsuit. However, as Plaintiff is required by law to state the maximum amount of damages he is seeking, Plaintiff believes that when the totality of his damages are considered, along with the wrongful nature of Defendants' conduct, it is likely that a fact finder may ultimately decide that Plaintiff's damages exceed two hundred thousand dollars ($200,000.00) but it is unlikely that a fact finder will ultimately decide that Plaintiff's damages

exceed one million dollars ($1,000,000.00).

## X. ATTORNEY'S FEES

10.1 Plaintiff would show that by virtue of Defendants' actions, as more particularly described above, Plaintiff retained the services of the undersigned attorney to initiate this cause of action. By virtue of Civil Practice and Remedies Code Section 542.0650 of the Texas Insurance Code and 38.01 et seq. and the Texas Practice and Remedies Code, Plaintiff is entitled to recover all reasonable and necessary attorney's fees incurred in the prosecution of Plaintiff's claims. Accordingly, Plaintiff seeks all reasonable attorney's fees through the trial of this cause, as well as reasonable attorney fees in the event of appeal to a Court of Appeals or the Supreme Court of Texas.

## XI. AUTHENTICATION OF DOCUMENTS

11.1 Plaintiff gives actual notice to Defendant, if any, that any and all documents produced by Defendant during discovery may be used against the Defendant, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure

## XII. REQUEST FOR DISCLOSURE TO ALL DEFENDANTS

12.1 Defendants, pursuant to Rule 194 of the Texas Rules of Civil Procedure, is requested to disclose to Plaintiff's attorneys, on or before 50 days after service of this request, the information or material described in Rule 194.2(a)-(l).

## PRAYER

Plaintiff seeks all legally recoverable damages, including pre-judgment and post-judgment interest. Plaintiff's damages at this time are in excess of the minimal jurisdictional limits of this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays the Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and UNITED FINANCIAL CASUALTY COMPANY be cited to appear and file an answer herein and that upon final hearing

hereof he have judgment against Defendant for his damages, prejudgment and post-judgment interest as allowed by law, costs of court, and for such other and further relief, general or special, at law or in equity, to which he may show just entitlement.

Respectfully submitted,

**MUKERJI LAW FIRM**

*/s/ Sam K. Mukerji*
Sam K. Mukerji
State Bar No.: 24053377
Jonathan E. Bleyer
State Bar No.: 24089990
2405 Smith Street
Houston, TX 77006
Tel: (713) 222-1222
Fax: (713) 222-0555
litigation@mukerjilaw.com
ATTORNEYS FOR PLAINTIFF

## PLAINTIFF'S INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSION TO DEFENDANT PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY AND UNITED FINANCIAL CASUALTY COMPANY

Pursuant to Texas Rules of Civil Procedure 192 and 197, Plaintiff hereby serves Plaintiff's

First Set of Interrogatories to Defendant PROGRESSIVE COUNTY MUTUAL, INSURANCE

COMPANY. The time and location of your written response is set forth in the Instructions.

## INSTRUCTIONS

RESPONDING TO DISCOVERY: When responding to written discovery, you must make a complete response, based on all information reasonably available to you or your attorney at the time the response is made. Tex. R. Civ. P. 193.1.

TIME OF RESPONSE: Pursuant to Rule 197.2(a), Tex. R. Civ. P., Plaintiff hereby requests Defendant to serve a written response, within 50 days after service of the interrogatories, on The Mukerji Law Firm, P.C., 2405 Smith Street, Houston, TX 77006.

OPTION TO PRODUCE RECORDS: Pursuant to Rule 197.2(c), Tex. R. Civ. P., if the answer to an interrogatory may be derived or ascertained from public records, from the responding party's business records, or from a compilation, abstract or summary of the responding party's business records, and the burden of deriving or ascertaining the answer is substantially the same for the requesting party as for the responding party, the responding party may answer the interrogatory by specifying and, if applicable, producing the records or compilation, abstract or summary of the records. In those instances where the responding party chooses to answer a request for information by referring to a specific document or record, it is requested that such specification be in such sufficient detail to permit the requesting party to locate and identify the documents or records from which the answer is to be ascertained, as readily as can the party served with the request. Plaintiff hereby requests Defendant produce to Mukerji Law Firm, P.C., the original of all documents and tangible things produced in lieu of answering a specific interrogatory, within 30 days after service of the interrogatories, with the place of production being the Mukerji Law Firm, P.C., 2405 Smith Street, Houston, TX 77006. However, if Defendant does not desire to produce the original of responsive documents and tangible things, Defendant shall produce a true, correct and legible photocopy in lieu thereof.

POSSESSION, CUSTODY AND CONTROL: Possession, custody or control of a document or tangible thing means either you have physical possession of the document or tangible thing or you have the right to possession that is equal or superior to the person who has physical possession. Tex. R. Civ. P. 192.3(b) and 196.3(a). Actual physical possession is not a prerequisite to "possession, custody or control."

OBJECTIONS: To the extent you object to any written discovery, please state specifically the legal or factual basis for the objection and the extent to which you are refusing to comply with the request. Tex. R. Civ. P. 193.2(a). If you object to only a portion of a particular interrogatory,

specifically identify that portion of the interrogatory that you are objecting to and respond to the remainder completely. Tex. R. Civ. P. 193.2(b).

VERIFICATION REQUIREMENT: Pursuant to Rule 197.2(d), Tex. R. Civ. P., a responding party – not an agent or attorney as otherwise permitted by Rule 14 -- must sign the answers under oath except that: (1) when answers are based on information obtained from other persons, the party may so state, and (2) a party need not sign answers to interrogatories about persons with knowledge of relevant facts, trial witnesses, and legal contentions.

EXPENSE OF PRODUCTION: The requesting party agrees to pay the reasonable costs of photocopying documents and tangible things responsive to the requests. Tex. R. Civ. P. 196.6.

ORGANIZATION OF DOCUMENTS: You must produce all responsive documents and tangible things as they are kept in the usual course of business, or organize and label them to correspond with the categories in the specific request. Tex. R. Civ. P. 196.3(c).

EXTENSIONS OF TIME: Any agreement for an extension of time to respond to these Interrogatories must be in writing and agreed to by the requesting party. Tex. R. Civ. P. 11. No extensions of time for making objections to these Interrogatories should be presumed unless such agreement is specifically set out in writing.

## DEFINITIONS

CONCERNING as used herein shall mean and refer to evidencing, referring to, describing, summarizing, reflecting, pertaining to, constituting, or commenting on.

DEFENDANT as used herein shall mean and refer to the individual or entity to whom this discovery is addressed, as well as the Defendant's agents, servants, employees and representatives.

DOCUMENT and DOCUMENTS as used herein shall mean and refer to any document within the scope of discovery pursuant to Rule 192.3, Tex. R. Civ. P., including but by no means limited to any responsive paper, letter, memorandum, record, report, note, writing, printing, typing, book, account, invoice, receipt, ledger, check, drawing, graph, map, plat, chart, data, and data compilations from which information can be obtained and translated, if necessary, by YOU, in a reasonably usable form. DOCUMENT and DOCUMENTS shall also mean and refer to anything which may exist in electronic or magnetic form, including but not limited to matters stored in or capable of being reproduced by a computer, computer operating system, computer software program, computer hard-drive, disk, CD-Rom, or zip drive pursuant to Rule 196.4, Tex. R. Civ. P. In producing anything existing in electronic or magnetic form, you are requested to either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include necessary glossaries, keys and indices for interpretation of the material.

ENTITY as used herein shall mean and refer to a business, company, organization, association, governmental body or entity (unit or department), or administrative body, whether for profit or not, which is not a natural person.

IDENTIFY, when used with respect to documents or tangible things, should mean and be interpreted as requiring sufficient information regarding the document or tangible thing so that the requesting party can locate and identify the object as readily as the responding party from whom it is being sought.

IDENTIFY, when used with respect to any entity, should be interpreted as requiring the entity's name, address and telephone number.

IDENTIFY, when used with respect to any person or individual, should be interpreted as requiring with respect to the person or individual, his/her full name, last known address and last known telephone number.

MOBILE DEVICE as used herein shall mean and refer to any cell, mobile or satellite phone, I-Pod, pager, beeper, computer or any other electronic device that is capable of relaying or receiving communication by voice, word or symbols from or to a moving object.

OCCURRENCE as used herein shall mean and refer to the incident described in Plaintiff's Original Petition and any amendments or supplements thereto.

PERSON when used herein shall mean and refer to any natural person.

PHOTOGRAPH and PHOTOGRAPHS as used herein shall mean and refer to any still picture, motion picture, photograph, print, negative, transparency, film, movie, video, reel-to-reel recording, electronic image, digital image, digital file, computer generated image, e-mail attachment, or any other thing that depicts or is capable of depicting or reproducing any visual image of any person, occurrence, vehicle, place, scene, or thing relevant to the subject matter of this lawsuit, including any document containing any such visual image or reproduction.

PLAINTIFF as used herein shall mean and refer to the individual or entity that has made the request for this discovery.

RESPONDING PARTY as used herein shall mean and refer to YOU, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY and/or UNITED FINANCIAL CASUALTY COMPANY.

REQUESTING PARTY as used herein shall mean and refer to PLAINTIFF.

TANGIBLE THING and TANGIBLE THINGS as used herein shall mean and refer to anything not a document, but within the scope of discovery pursuant to Rule 192.3, Tex. R. Civ. P.

YOU or YOUR as used herein shall mean and refer to the Defendant to whom this discovery is addressed, as well as the Defendant's agents, servants, employees and representatives.

14

## INTERROGATORIES TO DEFENDANT PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY AND UNITED FINANCIAL CASUALTY COMPANY

**INTERROGATORY NO. 1:** For each PERSON who provided answers to the factual inquiries herein, state his/her full legal name, address, telephone number, adjusters' license number with the Texas Department of Insurance, and job title with YOU.

ANSWER:

**INTERROGATORY NO. 2:** Did you sell an insurance policy to UBER USA, LLC, which included uninsured motorist coverage on the entity and/or the vehicle that was being operated at the time of the OCCURRENCE, which was in effect at the time of the OCCURRENCE? If so, state the following:

    (a)    The policy number;
    (b)    The full legal name of the company issuing the policy;
    (c)    The uninsured/underinsured motorists limits of coverage available on Plaintiff's policy for bodily injury and property damage;
    (d)    The effective dates of the policy;
    (e)    The named insured(s) on the uninsured/underinsured motorists coverage; and,
    (f)    The covered vehicles listed on the uninsured/underinsured motorists coverage.

ANSWER:

**INTERROGATORY NO. 3:** For each PERSON or ENTITY YOU have made a payment to, have agreed to pay, or have settled with for a personal injury or property damage claim allegedly resulting from the OCCURRENCE, state the following:

    (a)    The IDENTITY of the PERSON or ENTITY;
    (b)    The type of claim (i.e, personal injury, property damage, PIP, etc.);
    (c)    Generally describe the injury/damage claimed by the PERSON or ENTITY; and,
    (d)    State the amount paid and the date paid.

ANSWER:

**INTERROGATORY NO. 4:** For each traffic citation for a moving violation of which YOU are aware that the **unidentified driver** received in the five (5) year period immediately preceding the OCCURRENCE, **regardless of his alleged guilt or innocence to the charge in the citation,** state the following:

    (a)    The date of the citation;
    (b)    The nature of the alleged violation (i.e, failed to stop for a red signal light, 32 m.p.h. in a 20 m.p.h. zone, etc.);
    (c)    The IDENTITY of the law enforcement agency issuing the citation; and,
    (d)    The disposition of the citation.

ANSWER:

**INTERROGATORY NO. 5**:  For each motor vehicle accident or incident (including any accident or incident in which a claim was made for insurance benefits of any kind) of which YOU are aware that **unidentified driver** has been involved as a vehicle operator in the five (5) year period immediately preceding the OCCURRENCE, **regardless of whether the accident or incident was investigated by law enforcement**, state the following:

    (a)    The date of the accident/incident;
    (b)    The nature of the accident/incident (i.e, struck a vehicle from the rear, backed into a light pole, etc.);
    (c)    The IDENTITY of any law enforcement agency investigating the accident/incident; and,
    (d)    The location of the accident/incident (block, street, city, county, state).

ANSWER:

**INTERROGATORY NO. 6**:  Describe generally how YOU claim the motor vehicle collision between the unidentified driver and Plaintiff occurred.

ANSWER:

**INTERROGATORY NO. 7**:  Describe generally what actions YOU contend the unidentified driver took, if any, to try to avoid the collision with Plaintiff.

ANSWER:

**INTERROGATORY NO. 8**:  Describe generally what act, omission or conduct, if any, by Plaintiff YOU contend was negligent.

ANSWER:

**INTERROGATORY NO. 9**:  Describe generally what act, omission or conduct, if any, on the part of Mohammed Tork YOU contend was negligent.

ANSWER:

**INTERROGATORY NO. 10**:  If YOU communicated with the unidentified driver regarding the OCCURRENCE, for each such communication state the following:

    (a)    The date of the communication;
    (b)    The IDENTITY of all PERSONS who were present, whom YOU believe could have heard all or part of the communication; and,
    (c)    State the general content of the communication, including what words were spoken by each of YOU to the other.

ANSWER:

**INTERROGATORY NO. 11**:  If YOU, or any PERSON or ENTITY acting at YOUR request or on YOUR behalf obtained, took or created any PHOTOGRAPHS, videos, streaming videos, films, movies, digital images or any other visual reproduction, on or after the OCCURRENCE, which

16

depicts or purports to depict any damage or the lack thereof to any vehicle involved in the OCCURRENCE, Plaintiff or the accident scene, or which purports to recreate the accident scene, for each such PHOTOGRAPH, video, streaming video, film, movie, digital image or any other visual reproduction state the following:

    (a)    The date the image was allegedly made or created;

    (b)    The IDENTITY of the PERSON who made or created the image;

    (c)    State whether the image is a PHOTOGRAPH, video, streaming video, film, movie, digital image or some other visual reproduction;

    (d)    ,Provide a general statement of the image depicted (i.e., photograph of Plaintiff's vehicle, digital image of accident scene, etc.); and,

    (e)    The IDENTITY of the PERSON or ENTITY who has custody of the image.

ANSWER:

**INTERROGATORY NO. 12:** Pursuant to Tex. R. Civ. P. 192.3(j), if YOU contend that any of Plaintiff's healthcare was not necessary as a result of the OCCURRENCE, provide a general summary of the factual basis for such contention; the IDENTITY of all PERSONS whom YOU rely upon for support of such contention; and, the IDENTITY of all DOCUMENTS and TANGIBLE THINGS YOU rely upon for support of such contention.

ANSWER:

**INTERROGATORY NO. 13:** Pursuant to Tex. R. Civ. P. 192.3(j), if YOU contend that any of the charges of Plaintiff's healthcare providers was not reasonable in amount, provide a general summary of the factual basis for such contention; the IDENTITY of all PERSONS whom YOU rely upon for support of such contention; and, the IDENTITY of all DOCUMENTS and TANGIBLE THINGS YOU rely upon for support of such contention.

ANSWER:

**INTERROGATORY NO. 14:** Pursuant to Tex. R. Civ. P. 192.3(j), if YOU contend that any ailment, condition, symptom, complaint or injury Plaintiff claims resulted from the OCCURRENCE actually pre-existed the OCCURRENCE, provide a general summary of the factual basis for such contention; the IDENTITY of all PERSONS whom YOU rely upon for support of such contention; and, the IDENTITY of all DOCUMENTS and TANGIBLE THINGS YOU rely upon for support of such contention.

ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY AND UNITED FINANCIAL CASUALTY COMPANY

1. Copy of all PHOTOGRAPHS, digital images, films, movies, videos, DVDs, CDs, negatives, or any other visual reproduction by digitized, electronic, mechanical or computerized means YOU or any PERSON or ENTITY acting for or on YOUR behalf obtained, took, received or created CONCERNING any damage or the lack thereof to any vehicle involved in the OCCURRENCE.

2. Copy of all PHOTOGRAPHS, digital images, films, movies, videos, DVDs, CDs, negatives, or any other visual reproduction by digitized, electronic, mechanical or computerized means YOU or any PERSON or ENTITY acting for or on YOUR behalf obtained, took, received or created that depicts or purports to depict Plaintiff.

3. Copy of all PHOTOGRAPHS, digital images, films, movies, videos, DVDs, CDs, negatives, or any other visual reproduction by digitized, electronic, mechanical or computerized means YOU or any PERSON or ENTITY acting for or on YOUR behalf obtained, took, received or created that depict or purport to depict the scene of the motor vehicle collision or surrounding areas.

4. Copy of all PHOTOGRAPHS, digital images, films, movies, videos, DVDs, CDs, negatives, or any other visual reproduction by digitized, electronic, mechanical or computerized means YOU or any PERSON or ENTITY acting for or on YOUR behalf obtained, took, received or created that depict or purport to depict and recreation of the motor vehicle collision.

5. Copy of all criminal records, if any, YOU have obtained or received CONCERNING Stacy Junior and/or Plaintiff.

6. Copy of all criminal records, if any, YOU have obtained or received CONCERNING any individual or testifying expert identified by any party in response to Request for Disclosure 194.2(e) – (f).

7. Copy of all driver records, MVR's, traffic violation records/reports, accident reports, or incident reports CONCERNING any moving traffic violations, motor vehicle accidents or motor vehicle incidents involving Stacy Junior.

8. Copy of all driver records, MVR's, traffic violation records/reports, accident reports, or incident reports CONCERNING any moving traffic violations, motor vehicle accidents or motor vehicle incidents involving Plaintiff.

9. Copy of all driver records, MVR's, traffic violation records/reports, accident reports, or incident reports CONCERNING any moving traffic violations, motor vehicle accidents or motor vehicle incidents involving Plaintiff.

10. Copy of all records, reports, statements, notes, e-mails, memorandum, letters, correspondence and all other DOCUMENTS or TANGIBLE ITEMS YOU have sent to

18

or received from the law enforcement agency and/or law enforcement officer(s) investigating the OCCURRENCE, CONCERNING the OCCURRENCE.

11.  Copy of the report and any notes of the police officer investigating the OCCURRENCE.

12.  Copy of all records, reports, statements, e-mails, memorandum, letters, correspondence and all other DOCUMENTS or TANGIBLE ITEMS YOU sent to or received from the Texas Department of Transportation or any other governmental ENTITY CONCERNING sight distance, road measurements, road design, road configuration, visibility, or engineering of the area of the OCCURRENCE.

13.  Copy of all diagrams, drawings, maps, plats, or measurements CONCERNING the area of the OCCURRENCE.

14.  Copy of all diagrams, drawings, maps, plats, or measurements of any skid marks, scuff marks, gouges, markings, paint, or tire marks CONCERNING the area of the OCCURRENCE.

15.  Copy of all DOCUMENTS and TANGIBLE ITEMS from any medical or healthcare provider of Plaintiff that YOU have obtained, including but not limited to all intake forms, emergency room or hospital records, physician records, consulting records, nursing records, therapy records, specialist records, chiropractic records, pharmacy records, laboratory records, diagnostic testing records, radiograph records, injury reports and records, medical records, workers' compensation records, records of physical examinations, and disability and/or impairments records.

16.  Copy of the registration and certificate of title of the vehicle being operated by Stacy Junior at the time of the OCCURRENCE.

17.  Copy of any DOCUMENT and TANGIBLE THINGS YOU have received or obtained from any ENTITY or PERSON CONCERNING the medical, psychiatric, and chiropractic care and treatment of Plaintiff prior to the OCCURRENCE.

18.  Copy of any DOCUMENT and TANGIBLE THINGS YOU have received or obtained from any ENTITY or PERSON CONCERNING the medical, psychiatric, and chiropractic care and treatment of Plaintiff at any time after the OCCURRENCE.

19.  Copy of each estimate, appraisal, invoice or receipt that purports to show the nature of the damage or the costs to repair the damage to any vehicle or vehicles involved in the OCCURRENCE.

20.  Copy of any DOCUMENTS and TANGIBLE THINGS that evidence or show the fair market value or the replacement cost of any vehicle or vehicles involved in the OCCURRENCE.

21. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING any contention or claim by YOU that the OCCURRENCE was caused in whole or in part by a mechanical defect or malfunction with any vehicle involved in the collision.

22. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING any contention or claim by YOU that the OCCURRENCE was caused in whole or in part as a result of an unavoidable accident.

23. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING any contention or claim by YOU that the OCCURRENCE was caused in whole or in part by a sudden emergency.

24. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING any contention or claim by YOU that the OCCURRENCE was caused in whole or in part by MOHAMED TORK.

25. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING any contention or claim by YOU that the OCCURRENCE was caused in whole or in part by the unidentified driver.

26. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING any contention or claim by YOU that the OCCURRENCE was caused in whole or in part by a third party who is not a party to this lawsuit.

27. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING any contention or claim by YOU that the OCCURRENCE was caused in whole or in part by an unknown PERSON or ENTITY.

28. Pursuant to Tex. R. Civ. P. 192.3(f), produce a true, correct and legible photocopy of any declaration page showing the liability limits, named insured(s), vehicle(s) insured and/or policy limits of coverage under any discoverable indemnity or insuring agreement.

29. A true copy of the full insurance policy, or an identical exemplar thereof, under which MOHAMED TORK was insured at the time of the OCCURRENCE.

30. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING the OCCURRENCE, including any accident, incident or loss report or loss notices.

31. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING any contention or claim by YOU that any injury, symptom or condition Plaintiff claims resulted from the OCCURRENCE was caused in whole or in part by some incident, accident, event or was a pre-existing injury, symptom or condition.

32. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING any contention or claim by YOU that any ailment, symptom, condition, injury, or damage claimed by Plaintiff to have been caused by the OCCURRENCE actually pre-existed the OCCURRENCE.

20

33. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING any contention or claim by YOU that Plaintiff's medical care after the OCCURRENCE was necessary as a result of an accident, event or incident preceding the OCCURRENCE.

34. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING any contention or claim by YOU that Plaintiff's medical care after the OCCURRENCE was necessary as a result of an accident, event, or incident subsequent to the OCCURRENCE.

35. Copy of any DOCUMENTS and TANGIBLE THINGS CONCERNING any contention or claim by YOU the amount charged Plaintiff for medical care she claims was necessary as a result of the OCCURRENCE was not reasonable in amount.

## REQUESTS FOR ADMISSIONS TO PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY

**Admit or deny each of the following:**

1.  On July 24, 2017, MOHAMED TORK was involved in a motor vehicle collision with an unidentified driver.

2.  At the time of the collision Plaintiff was driving the vehicle.

3.  The collision occurred in Harris County, Texas.

4.  At the time of the collision, MOHAMED TORK was driving a vehicle and was within the scope of his employment with UBER USA, LLC an entity insured by Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY.

5.  MOHAMED TORK timely reported the collision to Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY.

6.  Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY assigned claim number 17-5939428 to Plaintiff's underinsured motorists claim.

7.  Plaintiff did not do anything to cause the collision in question.

8.  Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY has no evidence or information to indicate Plaintiff did anything to cause the collision in question.

9.  Defendant PROGRESSIVE OUNTY MUTUAL INSURANCE COMPANY has no evidence or information to indicate MOHAMMED TORK did anything to cause the collision in question.

10. The unidentified driver's acts caused the collision in question by following MOHAMED TORK'S vehicle too closely.

11. The unidentified driver's acts caused the collision in question by following MOHAMED TORK'S vehicle at too high a rate of speed for the conditions existing at the time of the collision.

12. The unidentified driver's acts caused the collision in question by failing to timely apply the brakes on her vehicle before he struck MOHAMED TORK'S vehicle.

13. The unidentified driver's conduct at the time of the collision was negligent.

14. The unidentified driver's negligence was a proximate cause of the collision in question.

22

15. The unidentified driver's negligence was a proximate cause of the injuries suffered by Plaintiff.

16. Plaintiff was injured in the collision in question.

17. UBER USA, LLC'S Auto Policy was in full force and effect at the time of the collision.

18. Among the coverage and benefits of the Texas Personal Auto Policy under which YOU insured UBER USA, LLC at the time of the collision covered and extended benefits to a driver in the event he or the vehicle involved in a motor vehicle accident with an uninsured motorist whose negligence was a proximate cause of the collision.

## REQUESTS FOR ADMISSIONS TO UNITED FINANCIAL CASUALTY COMPANY

**Admit or deny each of the following:**

1. On July 24, 2017, MOHAMED TORK was involved in a motor vehicle collision with an unidentified driver.

2. At the time of the collision Plaintiff was driving the vehicle.

3. The collision occurred in Harris County, Texas.

4. At the time of the collision, MOHAMED TORK was driving a vehicle and was within the scope of his employment with UBER USA, LLC an entity insured by Defendant UNITED FINANCIAL CASUALTY COMPANY.

5. MOHAMED TORK timely reported the collision to Defendant UNITED FINANCIAL CASUALTY COMPANY.

6. Defendant UNITED FINANCIAL CASUALTY COMPANY assigned claim number 17-5939428 to Plaintiff's underinsured motorists claim.

7. Plaintiff did not do anything to cause the collision in question.

8. Defendant UNITED FINANCIAL CASUALTY COMPANY has no evidence or information to indicate Plaintiff did anything to cause the collision in question.

9. Defendant UNITED FINANCIAL CASUALTY COMPANY has no evidence or information to indicate MOHAMED TORK did anything to cause the collision in question.

10. The unidentified driver's acts caused the collision in question by following MOHAMED TORK'S vehicle too closely.

11. The unidentified driver's acts caused the collision in question by following MOHAMED TORK'S vehicle at too high a rate of speed for the conditions existing at the time of the collision.

12. The unidentified driver's acts caused the collision in question by failing to timely apply the brakes on her vehicle before he struck MOHAMED TORK'S vehicle.

13. The unidentified driver's conduct at the time of the collision was negligent.

14. The unidentified driver's negligence was a proximate cause of the collision in question.

15. The unidentified driver's negligence was a proximate cause of the injuries suffered by Plaintiff.

16. Plaintiff was injured in the collision in question.

17. UBER USA, LLC'S Auto Policy was in full force and effect at the time of the collision.

18. Among the coverage and benefits of the Texas Personal Auto Policy under which YOU insured UBER USA, LLC at the time of the collision covered and extended benefits to a driver in the event he or the vehicle involved in a motor vehicle accident with an uninsured motorist whose negligence was a proximate cause of the collision.

24